## In re MARIA C.

Supreme Judicial Court of Maine.

Argued May 6, 1987.
Decided June 24, 1987.

James E. Tierney, Atty. Gen., John H. Hawkes (orally) Asst. Atty. Gen., Augusta, for plaintiff.

Rebecca Irving (orally), Machias, for mother.

Alan D. Graves (orally), Machias, for father.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Maria C.'s parents, Millie C.W. and Kevin C., appeal from a judgment of the District Court, Machias, terminating their parental rights with respect to Maria pursuant to 22 M.R.S.A. § 4055 (Supp.1986). The parents argue that the District Court's termination order is not supported by clear and convincing evidence, that the alleged failure of the Department of Human Services (DHS) to facilitate reunification should be considered an independent element of proof in a termination proceeding, and that the District Court erred in admitting evidence concerning incidents involving Maria and her parents occurring prior to November 1982. We reject these arguments and affirm the judgment.

The State presented expert testimony establishing that Maria would suffer severe emotional trauma if returned to either parent. This risk of emotional trauma developed as a result of episodes of physical abuse suffered by Maria in January 1983 while in her parents' custody. Based on this testimony the court found that the parents are unable to protect Maria from the "emotional jeopardy" that would ensue if Maria were reunited with either parent. See 22 M.R.S.A. § 4002(6)(A) and (10)(B) (Supp.1986). The court further found that the father was unwilling to take responsibility for Maria. The court determined that these circumstances were unlikely to

 

change within a time reasonably calculated to meet Maria's needs.

■ The District Court's findings of fact on the issues of the child's best interest, jeopardy, parental willingness to assume responsibility and reasonable time stand unless clearly erroneous. *See* M.D.C. Civ. R. 52(a); *In re Christopher J.*, 505 A.2d 795, 797 (Me.1986). Moreover, "[w]here clear and convincing evidence is required, the appropriate standard of appellate review is 'whether the factfinder could reasonably have been persuaded that the factual finding was or was not proved to be *highly probable.*'" *Id.* at 797 (emphasis in original) (quoting *In re John Joseph V.*, 500 A.2d 628, 629 (Me.1985) (quoting *Taylor v. Commissioner of Mental Health*, 481 A.2d 139, 153 (Me.1984)). After carefully reviewing the record, we conclude that the court's findings of fact are not clearly erroneous and that the court applied correctly the appropriate legal standards set forth in section 4055.

■ The mother also argues that the lack of reunification efforts by the DHS as provided in 22 M.R.S.A. § 4041 (Supp.1986) constitute a ground for denying the petition for termination of parental rights. The District Court found that the DHS did not pursue reunification efforts upon the advice of a clinical psychologist. The psychologist reported to DHS and testified at trial that Maria experienced severe anxiety and stress about anything associated with her parents. In any event, we unambiguously answered this argument in *In re Daniel C.*, 480 A.2d 766 (Me.1984): "We simply do not detect any legislative intent that the department's reunification efforts be made a *discrete* element of proof in termination proceedings." *Id.* at 770 (emphasis in original).

Finally, the mother's "res judicata" and "collateral estoppel" arguments with respect to events occurring prior to November 1982 are without merit and require no further discussion. Other arguments raised by the father are equally without merit.

The entry is:

Judgment affirmed.

All concurring.